UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL GARCIA,

                Plaintiff,

      -against-

NYPD 34th PRECINCT, NY, NY
MANHATTAN; TWO CAPTAINS; TWO
OFFICERS,

                Defendants.

21-CV-0645 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Kirby Forensic Psychiatric Center, brings this action *pro se*, alleging that Defendants violated his federal constitutional rights on September 16, 2020. Plaintiff names as Defendants "NYPD 34th Precinct," two unknown captains and two unknown officers.

By order dated June 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Daniel Garcia files the complaint using the Court's civil rights complaint form. The complaint, however, is almost completely illegible and incoherent. The Court is therefore unable to understand Plaintiff's allegations and discern the precise claims Plaintiff seeks to raise.

It appears that Plaintiff seeks to assert claims that arise out of events involving the police that occurred at his home on September 16, 2020. (ECF No. 1 at 4-5.) On page 3 of the complaint, Plaintiff identifies Defendants as "NYPD blue male," "Another male blue," "Captain male white shirt," and "Blue shirt captain golden shield." (*Id.* at 3.)

## DISCUSSION

Because Plaintiff alleges that Defendants violated his constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Although Plaintiff asserts that his rights were violated, it is not clear from his complaint what any Defendant did or failed to do that allegedly violated his rights under the United States Constitution or any federal law. It appears Plaintiff is alleging that on September 16, 2020, he interacted with police officers from the New York City Police Department at his residence. But he does not allege any facts suggesting that those officers violated his rights. Plaintiff therefore fails to state a claim under section 1983.

In light of Plaintiff's *pro se* status, as explained below, the Court grants Plaintiff leave to amend his complaint to assert any facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff should write his amended complaint legibly, clearly, and coherently, so that the Court is able understand his allegations.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to state a valid claim under section 1983, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about each of the claims he seeks to raise against each of the Defendants. First, Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of "John Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's "Statement of Claim."

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief he seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint must tell the Court: who violated his federally protected rights and how; when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-0645 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 28, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                            Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State         Zip Code

Defendant 2:

_____
First Name                            Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State         Zip Code

Defendant 3:

_____
First Name                            Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State         Zip Code

Defendant 4: _____

                First Name                Last Name

                _____

                Current Job Title (or other identifying information)

                _____

                Current Work Address (or other address where defendant may be served)

                _____

                County, City            State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.